UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA, *ex. rel.* ROKITA,     )<br>    )<br>   *Plaintiff,*    )<br>    )<br>   v.    )<br>    )<br>INDIANA UNIVERSITY HEALTH, INC.;   )<br>and INDIANA UNIVERSITY HEALTHCARE   )<br>ASSOCIATES, INC. D/B/A IU HEALTH   )<br>PHYSICIANS,    )<br>    )<br>   *Defendants*.    | Case No. 1:23-cv-01665-MPB-MKK |

**FIRST AMENDED CASE MANAGEMENT PLAN**

I. **Parties and Representatives**

A. Plaintiff: State of Indiana ex rel. Attorney General Todd Rokita

Defendants: Indiana University Health, Inc., Indiana University Healthcare Associates, Inc. d/b/a/ IU Health Physicians

B. Plaintiff, State of Indiana:

    Douglas S. Swetnam, Attorney No. 15860-49
    Douglas.Swetnam@atg.in.gov
    Scott L. Barnhart, Attorney No. 25474-82
    Scott.Barnhart@atg.in.gov
    Carah J. Rochester, Attorney No. 36266-41
    Carah.Rochester@atg.in.gov
    Deputy Attorneys General
    302 West Washington St.
    Indiana Government Center South, 5th Floor
    Indianapolis, IN 46204-2770
    (317) 232-6279 (Swetnam)
    (317) 232-6309 (Barnhart)
    (317) 234-7015 (Rochester)
    (317) 232-6294 (Fax)

Defendants, Indiana University Health, Inc., Indiana University Healthcare Associates, Inc. d/b/a/ IU Health Physicians

> Joshua J. Minkler, Attorney No. 18483-49
> jminkler@btlaw.com
> Amanda Jane Gallagher, Attorney No. 32662-79
> Amanda.Gallagher@btlaw.com
> Barnes & Thornburg LLP
> 11 South Meridian Street, Indianapolis, IN 46204
> (317) 231-6446 (Minkler)
> (317) 229-3114 (Gallagher)
> (317) 231-7443 (Fax)

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.     Jurisdiction and Statement of Claims**

    A. Pursuant to 42 U.S.C. § 1320d-5(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367 this Court has jurisdiction over this matter.

    B. Plaintiff alleges Defendants violated the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act of 2009, and Department of Health and Human Services Regulations, 45 C.F.R. § 160, et seq. (collectively referred to as "HIPAA"), and the Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-3 ("DCSA"), when Defendants, covered entities, failed to have policies or in the alternative, failed to enforce policies: prohibiting employees from talking about patient's protected health information ("PHI") for reasons other than treatment, payment or operations or one of the exceptions specifically permitted under HIPAA; prohibiting a physician from discussing patient information with the media without written patient authorization; prohibiting the disclosure of protected health information in a legal proceeding without a court order or subpoena; failed to document Dr. Bernard's unauthorized disclosures of patient information unrelated to treatment, payment or operations, or one of the exceptions specifically permitted under HIPAA, to a physician colleague or to the *Indianapolis Star* reporter at a public rally; failed to document the unauthorized disclosure of patient information to Dr. Bernard or her attorneys without a court order or subpoena; failed to implement an appropriate sanctions policy, or in the alternative, apply sanctions according to its policy; failed to document the application of sanctions; failed to properly implement or in the alternative, consistently apply sanctions against workforce members who violate HIPAA; failed to train its workforce regarding the necessity to obtain a patient's written authorization before disclosing PHI to the media or, in the alternative, through its conduct of issuing its false and misleading press releases undermining any prior training of its workforce by ratifying Dr. Bernard's conduct and publicly declaring that no HIPAA violation occurred; failed to appropriately train its workforce on the policies and procedures with respect to PHI;

2

        failed to notify a patient or her parent of the privacy breaches which occurred when Dr. Bernard discussed the patient's case and the patient's health information with another physician and a reporter at a public rally; failed to notify a patient or her parent of a privacy breach which occurred when it provided her medical records to Dr. Bernard or her attorneys for purposes of civil litigation without obtaining patient consent, a court order, or a subpoena; failed to mitigate the harm of one or more privacy breaches; and issued a false statement regarding its investigation into Dr. Bernard's compliance with patient privacy laws and the outcome thereof.

    C.    Defendant maintains that the Indiana Attorney General's claims fall outside of its enforcement authority under HIPAA and the DCSA. With respect to HIPAA, the Attorney General lacks *parens patriae* authority to assert HIPAA claims on behalf of an Ohio resident. All but one of the Attorney General's claims concern alleged violations of federal privacy rights held by a single resident of Ohio. Accordingly, the Attorney General lacks statutory authority to pursue HIPAA claims on "behalf of" this individual. Additionally, the conduct alleged by the Attorney General could not give rise to a HIPAA claim, and the Attorney General's attempt to do so raises series issues under the First Amendment. With respect to the DCSA claims, IU Health maintains that the Attorney General has failed to set forth a *prima facie* case under the DCSA and the conduct alleged does not give rise to a DCSA claim.

### III.    Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 15, 2024**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **March 22, 2024.**

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **March 29, 2024**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **APril 15, 2024**.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **April 15, 2024**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within **30 days** after receipt of the proposal.

> The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 16, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report

    required by Fed. R. Civ. P. 26(a)(2) on or before **December 15, 2024**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **December 15, 2024**.

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **January 7, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **January 15, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the [ESI Supplement to the Report of the Parties' Planning Meeting](http://www.insd.uscourts.gov/case-management-plans) (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

    If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

        In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable

privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery[1] and Dispositive Motions**

    A.    The parties agree that a Motion for Summary Judgment may be appropriate if there are no material disputes of fact as it relates to any purported privacy violations. If so, the parties anticipate filing cross Motions for Summary Judgment in this matter. The parties anticipate commissioning expert reports to be used with any Motion for Summary Judgment. If Plaintiff's claims are unable to be completely resolved upon summary judgment, the parties anticipate that trial will be required to obtain resolution on said claim(s).

    B.    On or before **September 22, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Dispositive motions are expected and shall be filed by **November 15, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **September 15, 2024**; expert witness discovery and discovery relating to damages shall be completed by **February 15, 2025**.

        <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **July 2024**.

VI. **Trial Date**

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

This matter will be ready for trial in or after May 2025. The trial is by **JURY** and is anticipated to take **five (5) days.**

VII. <u>**Referral to Magistrate Judge**</u>

    A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**.  The parties **do not** consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. <u>**Required Pre-Trial Preparation**</u>

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

At this time, there are no other matters the parties believe should be brought to the Court's attention.

Date:   01/18/24                By: /s/ Douglas S. Swetnam
                                Douglas S. Swetnam, Attorney No. 15860-49
                                Douglas.Swetnam@atg.in.gov
                                Scott L. Barnhart, Attorney No. 25474-82
                                Scott.Barnhart@atg.in.gov
                                Carah J. Rochester, Attorney No. 36266-41
                                Carah.Rochester@atg.in.gov
                                Deputy Attorneys General
                                302 West Washington St.
                                Indiana Government Center South, 5th Floor
                                Indianapolis, IN 46204-2770
                                (317) 232-6279 (Swetnam)
                                (317) 232-6309 (Barnhart)
                                (317) 234-7015 (Rochester)
                                (317) 232-6294 (Fax)

                                *Counsel for Plaintiff*

                                /s/ Joshua J. Minkler
                                Joshua J. Minkler
                                Amanda Jane Gallagher
                                Barnes & Thornburg LLP
                                1 North Capitol Avenue, Suite 700
                                Indianapolis, IN 46219
                                Telephone: (317) 226-6333
                                Fax:         (317) 226-5953
                                Email:       jminkler@btlaw.com
                                             Amanda.Gallagher@btlaw.com

                                *Counsel for Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON  1/11/2024  FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR   4/12/2024 at 11:00 a.m.  . The information needed by counsel to participate in this conference will be provided by a separate notification. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY   9/15/2024  |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN   11/15/2024  |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 1/22/2024

_____
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana